UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| ADAM HENDRICKSON, RICHARD WILHEIM, AND SUSAN WILHEIM, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br>v<br><br>NATIONWIDE CREDIT, INC.,<br>AND ALTISOURCE PORTFOLIO SOLUTIONS S.A.,<br><br>Defendants. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiffs, Adam Hendrickson, Richard Wilheim, and Susan Wilheim, on behalf of themselves and all others similarly situated, by and through their attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Nationwide Credit, Inc. ("Nationwide"), and Altisource Portfolio Solutions S.A. ("Altisource"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Nationwide's regular transaction of business within this district. Venue in this district also is proper based on Nationwide possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Nationwide also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Adam Hendrickson is a natural person who resides at 30145 County Road 48, Peconic, NY 11958.

6. Adam Hendrickson is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. Richard Wilheim is a natural person who resides at 18 Surrey Lane, Manorville, NY 11949.

8. Richard Wilheim is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

9. Susan Wilheim is a natural person who resides at 18 Surrey Lane, Manorville, NY 11949.

10. Susan Wilheim is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

11. On or about April 14, 2018, Nationwide sent Hendrickson the letter annexed as Exhibit A. Hendrickson received and read Exhibit A.

12. On or about October 6, 2018, Nationwide sent Richard Wilheim the letter annexed as Exhibit A. Richard Wilheim received and read Exhibit B.

13. On or about October 6, 2018, Nationwide sent Susan Wilheim the letter annexed as Exhibit A. Susan Wilheim received and read Exhibit C.

14. For the reasons set forth below, Plaintiffs' receipt and reading of Exhibit A, B, and C respectively deprived Plaintiffs of their rights to not be subject to abusive, deceptive, or misleading debt collection practices.

15. Per statements and references in Exhibit A, B, and C, Nationwide sent Exhibit A, B, and C to Plaintiffs in an attempt to collect a past due debt.

16. Based on Exhibit A, B, , and C setting forth "RE: CHASE BANK USA, N.A., Plaintiffs believe the past due debts referred to in Exhibit A, B, and C were based on Plaintiffs, as

individuals, allegedly being issued a credit card account by Chase Bank USA, N.A. for their individual use, allegedly individually incurring charges by using the credit card account and then, as an individual, allegedly failing to pay for these charges. Chase Bank USA, N.A. is an entity that issues credit cards only to consumers for their individual and non-business use. Nationwide, via Exhibit A, B, and C, attempted collect the past due debt from Plaintiffs in their individual capacity. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. Nationwide is a Georgia Domestic Business Corporation and a New York Foreign Business Corporation.

18. Based upon Exhibit A and upon Nationwide possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Nationwide is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

19. On Exhibit A, Nationwide identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

20. Based upon the allegations in the above two paragraphs, Nationwide is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. Altisource is a foreign company headquartered at 40, Avenue Monterey, L-2163, Luxembourg.

22. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies".  See 1 USC 1.

23. Upon information and belief, Nationwide is a wholly owned subsidiary of Altisource.  Upon information and belief, Altisource directs and/or requires and/or allows Altisource's wholly owned "debt collector" subsidiary Nationwide to carry out collection efforts on Altisource's behalf and for the sole benefit of Altisource; Altisource always possesses the beneficial interests in the collection accounts which Altisource's wholly owned "debt collector" Nationwide attempts to collect.

24. Based on the above, the principal purpose of Altisource is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

25. Based on the above, Altisource is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

26. Plaintiffs repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

27. Exhibit A, B, and C does not identify in any manner or does not clearly, effectively, or properly identify the "creditor" and/or the entity to whom the alleged debt allegedly is

owed or on whose behalf Nationwide was attempting to collect the alleged debt.

28. Based on the facts in the above paragraph, Defendants violated 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10) as a result of sending Exhibit A, B, and C.

## SECOND CAUSE OF ACTION-CLASS CLAIM

29. Plaintiffs repeats and re-alleges the allegations contained in paragraphs 1-25 of this Complaint.

30. Defendants violated 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10) as a result of sending Exhibit A, B, and C.

## CLASS ALLEGATIONS

31. Plaintiffs bring this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

32. The class consist of (a) all natural persons (b) who received a letter from Nationwide dated between April 14, 2018 to the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A, B, and C.

33. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

35. The predominant common question is whether Defendants' letters violate the FDCPA.

36. Plaintiffs will fairly and adequately represent the interests of the class members.

37. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

38. A class action is the superior means of adjudicating this dispute.

39. Individual cases are not economically feasible.

   **WHEREFORE**, Plaintiff requests the following relief:

   1. A Judgment against Defendants in favor of Plaintiffs and the class members for statutory damages in an amount of $500,000, and costs and attorney's fees; and

   2. Any and all other relief deemed just and warranted by this court.

Dated:		April 12, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107